## Wickersham v. Tubbs et al.

· *Wilbur R. Seabrook*, for plaintiff; *Franklin B. Hosbach*, for defendants.

Rossiter, P. J., April 1, 1930.—This is a rule for judgment for want of a sufficient affidavit of defense.

The first paragraph of plaintiff's statement of claim is admitted.

The second paragraph of the affidavit of defense avers that the defendant admits that there was a feigned issue in the above entitled case and that there was a bond given to the Commonwealth, but avers and says that he denies that he did not maintain his title to the said goods and chattels in question, and avers and says that the case in the Court of Common Pleas of Erie County, Pennsylvania, at No. 190, May Term, 1926, did not and has not now disposed of the title to the said automobile which was the chattel forming the basis of the suit at No. 190, May Term, 1926.

In our opinion, the taking of a voluntary nonsuit in that case, as alleged in the third paragraph of plaintiff's statement, and not denied in the affidavit of defense, was a failure to maintain the title of William Tubbs and ended that case, and, therefore, liability attached on the bond.

As to the third paragraph, the defendant says that he denies the allegations therein contained, and in answer thereto avers and says that his title to the automobile in question came from one Ray Tubbs, and avers that his title was not based upon the title of D. A. Wright's heirs, and he, therefore, avers that neither he nor the other defendants are indebted to the plaintiff.

If this be true, these facts should have been established in the feigned issue, and not having been established there they are unavailabl here as a defense to liability on the bond.

The rule, therefore, taken July 3, 1929, for judgment for want of sufficient affidavit of defense, is now, April 1, 1930, made absolute unless defendant, within fifteen days, files a sufficient affidavit.

### Opinion on affidavit of defense in lieu of demurrer.

The statement avers that the suit is ended via a voluntary nonsuit. This averment is not denied. If, as set forth in the second paragraph of the affidavit of defense in lieu of demurrer, the court ruled that neither William Tubbs nor Ray Tubbs had any title to the automobile, then liability arose on the bond which William Tubbs gave to maintain a title in him, for he could not rely on the title of another.

The demurrer, therefore, should be and it is now, March 31, 1930, overruled.

From Otto Herbst, Erie, Pa.